UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. GILL,

           Plaintiff,

- against -

FINANCIAL INDUSTRY REGULATORY
AUTHORITY and MERRILL LYNCH,
PIERCE, FENNER & SMITH, INC.,

           Defendants.

**REPORT AND RECOMMENDATION**

11 Civ. 2713 (PAC) (RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03-06-13

To the HONORABLE PAUL A. CROTTY, U.S.D.J.:

## I. INTRODUCTION

*Pro se* Plaintiff Michael J. Gill ("Gill") filed a Complaint against Defendants Financial Industry Regulatory Authority ("FINRA") and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), alleging that he was not served with a copy of the Statement of Claim for a September 1, 2010 FINRA arbitration action brought against him by Merrill Lynch for an unpaid promissory note balance. Gill asked the Court to vacate the FINRA arbitration award entered against him on February 3, 2011, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Before the Court is: (1) Merrill Lynch's motion for summary judgment to dismiss Gill's claims against it, and for confirmation of FINRA's arbitration award; and (2) FINRA's motion to dismiss Gill's motion to vacate the arbitration award pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, I recommend that Merrill Lynch and FINRA's motions be **GRANTED**.

## II. BACKGROUND[1]

Merrill Lynch is a national securities brokerage firm and a member firm of FINRA. (Def's Mot. Summ. J. ("Defs.' Summ. J."), Ex. A.) Gill is a former Merrill Lynch Financial Advisor who was employed in the firm's Stamford, Connecticut office from November 3, 2006, until he voluntarily resigned on October 3, 2007. (Defs.' Summ. J. at 1.) At the start of his employment, Gill executed a Securities Industry Form U-4 ("Form U-4") in accordance with FINRA, which requires a registered representative to arbitrate any and all employment-related claims against a former employer. (*Id.*, Ex. D.)

When Gill began his employment with Merrill Lynch, he received a loan of $264,000. (Defs.' Summ. J., Ex. A.) According to the promissory note, Gill was obligated to repay Merrill Lynch the principal amount, plus interest at the rate of five and one-quarter percent (5.25%) per annum, in fifty-seven monthly payments of $5,243.13, and reasonable attorney's fees in the event legal proceedings were required for collection. (*Id.*) When he resigned, Gill owed $247,539.85 on the promissory note. (*Id.*)

On October 18, 2007, Merrill Lynch declared the promissory note due, and demanded payment of the outstanding balance, plus interest. (Defs.' Summ. J., Ex. B.) Gill failed to make payment on the promissory note, and Merrill Lynch began arbitration with FINRA on March 6, 2008. (Defs.' Summ. J., Ex. C.) On or about October 15, 2008, the parties reached a settlement agreement whereby Gill agreed to repay $47,500 in two payments. (Defs.' Summ. J. at 2).

---

[1] Merrill Lynch submitted a Statement of Undisputed Facts pursuant to Local Rule 56.1 (Jan. 16, 2012). Gill submitted opposition papers but did not provide a formal objection to the Statement. Generally, a party's "failure to respond or contest the facts set forth by the [moving party] in [its] Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003). However, given the Court's broad discretion to determine whether to overlook a party's failure to comply with local court rules, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), and because Gill is a *pro se* plaintiff, the Court has conducted an independent review of all of the evidence submitted by both parties to ascertain whether the record reveals any material, disputed issues of fact.

Merrill Lynch received one payment from Gill of $23,750 on or about November 10, 2008, but Gill failed to make the second payment due by January 31, 2009. (*Id.*)

On September 1, 2010, Merrill Lynch filed another FINRA arbitration action to recover the remaining loan balance. (*Id.*, Ex. A.) On September 9, FINRA served Gill with Merrill Lynch's Statement of Claim.[1] (Defs.' Summ. J., Ex. A.) FINRA Rule 13301 states that service shall be made "directly at the person's residential address or usual place of abode." (Defs.' Summ. J., Ex. B.) FINRA delivered the Statement of Claim to Gill's home address at "25 Bedford Avenue, Unit B204, Norwalk, CT 06850" – the same address listed in his Complaint in this action. FINRA Rule 13303(a) required Gill file an Answer and Submission Agreement within forty-five (45) days to avoid an adverse decision. (*Id.*)

On November 3, 2010, FINRA sent a letter to Gill indicating that it had not received a copy of his Answer, and reminded him that the case would proceed with or without his Answer. (Pl.'s Compl. ("Compl."), Ex. A.) Gill alleges that he did not receive the Statement of Claim and called FINRA on November 8, to inquire about the letter. (*Id.* at 3.) FINRA's representative informed Gill that a case had been filed against him and FINRA considered him as served, even though there was no record of what type of service had been used. (*Id.* at 3, 5.) FINRA also informed Gill that a courtesy copy of the Statement of Claim would be mailed to him. (*Id.* at 5.) Gill asked the representative when his answer would be due. The representative replied that parties normally have six weeks but that Gill should "hurry up" and respond. (*Id.*)

On November 8, Gill also called counsel for Merrill Lynch, Ken Massey ("Massey"), and informed him that he had not yet received the Statement of Claim. (Compl. ¶ 3(C).) On November 10, Merrill Lynch filed: (1) a motion with FINRA to preclude Gill from filing an Answer or presenting any matter, defense or argument in response; and (2) a motion for an

---

[1] It is unclear from the record which method of service (regular mail or certified mail) was used for the Statement of Claim.

3

award based on the pleadings, as well as a motion for attorney's fees and costs. (Compl., Ex. B.) On November 17, FINRA sent Gill a courtesy copy of the Statement of Claim by mail. (Compl., ¶ 3(C).) Gill alleges that he did not receive a copy of the Statement of Claim until November 22. (*Id.*) On November 29, Massey and Gill discussed potential dates for an initial pre-hearing conference, which was memorialized in a December 1, letter from Merrill Lynch to FINRA. (Def. FINRA Mem. Of Law in Supp. Of Mot. To Dismiss Compl. ("FINRA Mot. To Dismiss") 3; Compl., Ex. F.) Massey sent a copy of the letter to Gill. (Compl. Ex. F.)

On February 3, 2011, the FINRA arbitrator issued an award, ordering Gill to repay the balance he owed on the loan, totaling $223,789.85, plus interest ($32.19 per day from October 4, 2007) and attorney's fees. (Defs.' Summ. J., Ex. C.) On February 8, Gill received a letter via Federal Express from FINRA stating that the arbitration award had been entered in Merrill Lynch's favor. (Compl. at ¶ 3(C).) To date, Gill has paid none of the arbitration award issued by FINRA. (Defs.' 56.1 S., ¶ 12.)

### III. DISCUSSION

#### A. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a party moving for summary judgment has met its initial burden of showing the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to bring forth specific facts to show that there is a factual question that must be resolved at trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008). Summary judgment is appropriate where no reasonable trier of fact could find in favor of the

nonmoving party, *H.L. Hayden Co. of New York Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous and costly trial," *Donahue v. Windsor Locks Bd. Of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987).

### B. Gill Does Not Meet the Narrow Grounds for Vacatur

"Arbitration awards are subject to limited review to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers v. Weiss*, 989 F.2d 108 (2d Cir. 1993)). The FAA "severely restricts the power of a court to vacate an award to cases involving fraud in the procurement of the award, misconduct, or arbitrators clearly exceeding their powers." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Under the FAA, an award may be vacated only: (1) where it was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to hear evidence pertinent and material to the controversy; or (4) where the arbitrators exceeded their powers by executing an award upon a subject matter that was not made. 9 U.S.C. § 10. Courts confirm arbitration awards so long as there is "a barely colorable justification for the outcome reached." *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978). The Second Circuit is "highly deferential to arbitrators." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2009)

The facts of the present case strongly support rejection of the motion to vacate. Gill does not allege that the award was procured by corruption, fraud, or undue means; or arbitrator partiality; or that the arbitrator exceeded his powers.

Gill argues that he did not receive a copy of the Statement of Claim until November 22, 2010, after FINRA mailed him a courtesy copy. (Compl. ¶ 3(C).) He admits, however, that FINRA issued the arbitration award "a little over 60 days" after he had received this courtesy copy. (Pl.'s Resp. to FINRA's Resp. to Pl.'s Mot. to Compel and Mot. to Stay, 5.) He does not explain why the award should be vacated even though his actual notice was more than the forty-five day response period provided under FINRA rules.

Gill also argues that FINRA failed to send proper notice in the form of personal service, registered mail, or certified mail. This allegation is an insufficient basis for vacating the award. *See, e.g., Shamah v. Schweiger*, 21 F. Supp. 2d 208, 215 (E.D.N.Y. 1998) ("In light of the compelling policy reasons favoring arbitration and [plaintiff's] affirmative submission of the claim to arbitration. . ., along with [plaintiff's] actual timely receipt of the notice of hearing, the Court will not overturn the Award based upon a technical procedural irregularity" in service). According to FINRA's records, the Statement of Claim was served on Gill at the residence Gill had provided on his Form U-4. While it is true that Merrill Lynch and FINRA do not supply proof of the method of service of the original Statement of Claim, it is also true that Gill makes no allegation that any letters were returned by the United States Postal Service as undeliverable. Under these circumstances, the formalities of notice are not a basis for vacating the award. *See Marsillo v. Geniton*, No. 03 Civ 2117 (TPG), 2004 WL 1207925, at *6 (S.D.N.Y. Jun. 1, 2004). In any case, Gill's arguments concerning the form of mailing are not relevant because the Parties agree that he received *actual* notice of the arbitration proceedings when he received the letter on November 6, 2010, stating that the case would proceed with or without his Answer, and again on November 22, 2010, when he received a copy of the Statement of Claim. On these facts, there is no basis for claiming fundamental unfairness. *See id.* at *6. Accordingly, the Court finds that

Gill has failed to submit evidence that would allow a reasonable juror to conclude that he was deprived of adequate notice of arbitration proceedings.

## C. The Arbitration Award Should Be Confirmed

Gill does not dispute that the parties were required to arbitrate all disputes between them before FINRA. When Gill joined Merrill Lynch, he executed a Form U-4 in which he "agree[d] to arbitrate any dispute, claim or controversy that [might arise] between [him] and [his] firm," and that "any arbitration award rendered against [him might] be entered as a judgment in any court of competent jurisdiction." (Defs.' Summ. J., Ex. D, p. 10; *see also id.*, Ex. B, Rule 13904(a) of the FINRA Code of Arbitration Procedure.)

"The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth*, 750 F.2d at 175 (quoting M. Domke, *The Law and Practice of Commercial Arbitration* § 37.02 (1968)). Section 9 of the FAA requires that a court, upon timely application by any party must grant an order to confirm an arbitration award, unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of the FAA. 9 U.S.C. § 9. A court may vacate the award only if it was subject to any of the deficiencies listed in Section 10 of the FAA. Section 11 provides that an award may be modified or corrected only: (a) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (c) where the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11.

Merrill Lynch meets the requirements in Section 9 of the FAA: (1) Gill agreed to arbitrate all claims, and that any arbitration award against him could be entered as a judgment by

7

any court of competent jurisdiction; (2) the Arbitration Award was rendered in February 2011, within the one-year limitation set forth in the FAA; and (3) the award has not been "vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." Therefore, the Court finds no grounds upon which to vacate or modify the Arbitration Award. I therefore recommend that the award be confirmed.

### D. Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may assert a motion to dismiss for failure to state a claim on which relief can be granted. In deciding a motion to dismiss, the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, a court is not bound to accept as true a legal conclusion couched as a factual allegation. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557).

Under *Twombly*, the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007); *see Elektra Entm't Group, Inc. v. Santangelo*, No. 06 Civ. 11520 (SCR)(MDF), 2008 WL 4452393, at *2 (S.D.N.Y. Oct. 1, 2008). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. 544 at 556. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

Given Gill's status as a *pro se* plaintiff, the Court must "take care to construe [his] papers liberally," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), and interpret the Complaint "to raise the strongest arguments [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). The Court interprets Gill's Complaint as a motion to vacate FINRA's arbitration decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Gill*, No. 10-03927, pursuant to 9 U.S.C. § 10(a).[2]

### E. FINRA is Entitled to Arbitral Immunity

Arbitrators and their sponsors are immune from civil suit when acting within their capacity as arbitrators. *See Prudential Bache-Sec. Ltd. v. Nat'l Ass'n of Sec. Dealers Dispute Resolution, Inc.*, 289 F. Supp. 2d 438, 440 (S.D.N.Y. 2003). "[T]he nature and function performed by arbitrators necessitates protection analogous to that traditionally accorded to judges." *Id.* (citing *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882 (2d Cir. 2000). Similar to judicial and quasi-judicial immunity, arbitral immunity protects "the decision-maker from undue influence and protects the decision-making process from reprisals by dissatisfied litigants." *Jimenez v. Nat'l Ass'n of Sec. Dealers*, No. 07 Civ. 3360 (JSW), 2008 WL 1994893, (N.D. Cal. May 5, 2008) (citing *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987)). Thus, the essential question in determining whether an arbitrator is afforded arbitral immunity is whether the claim at issue arises out of an act within the scope of the arbitrator's duties. *See Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 59 (2d Cir. 1996).

Courts have held that FINRA is entitled to arbitral immunity "when acting in an adjudicatory, prosecutorial, arbitrative or regulatory capacity." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1214 (9th Cir. 1998). The Second Circuit has also held that FINRA is entitled to immunity. *See Barbara*, 99 F.3d at 59; *see also Prudential Bache-*

---

[2] 9 U.S.C. § 10(a) allows the United States court in and for the district where an arbitration award is made to make an order vacating the award upon the application of any party to the arbitration.

9

*Sec. Ltd.*, 289 F. Supp. 2d at 440 (FINRA's predecessor, the National Association of Security Dealers, Inc., entitled to immunity); *Herbst v. Nat'l Ass'n of Sec. Dealers*, No. 90 civ. 6363 (MGC), 1991 U.S. Dist. LEXIS 8269, *6 (S.D.N.Y. June 19, 1991). For immunity to attach, however, FINRA must have acted within the scope of its duty as an arbitrator. Gill's Complaint largely focuses on service of process and how he did not receive notice of the arbitration until FINRA sent him a letter stating that the case Merrill Lynch had filed against him would proceed with or without his answer. (Compl. 3.) Gill also takes issue with the amount of time he was given to defend himself and claims that he was not informed of the pre-hearing conference. (*Id.* at 5, 7.)

Ensuring that a party responds to a Statement of Claim is undoubtedly "integrally related to the arbitral process," and questions concerning improper notice and arbitration scheduling are "sufficiently associated with the adjudicative phase of the arbitration to justify immunity." *Austern*, 898 F.2d at 886. Gill's allegations in this case relate to FINRA's adjudicative function within the arbitral process, and FINRA is entitled to immunity.

## IV. CONCLUSION

In conclusion, I recommend that: Merrill Lynch's motion for summary judgment be **GRANTED** and FINRA's motion to dismiss Gill's motion to vacate the arbitration award against him **GRANTED**. As a result, I recommend that Merrill Lynch's motion to confirm the award be **GRANTED,** Gill's petition to vacate the arbitration award be **DENIED**, and that the case be **DISMISSED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Paul A.

Crotty, 500 Pearl Street, Room 735, and to the chambers of the undersigned, Room 1970.

Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: March 6, 2013**
**New York, New York**

**Respectfully Submitted,**

_/s/ Ronald L. Ellis_
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

*Pro Se* Plaintiff
Michael J. Gill
25 Bedford Avenue
Unit B204
Norwalk, CT 06850

Defendants
Terri L. Reicher
Financial Industry Regulatory Authority
1735 K Street, NW
Washington, DC 20006
*Attorney for Financial Regulatory Authority, Inc.*

Jeffrey F. Manzella, Esq.
Rubin, Fortunato & Harbison, P.C.
10 South Leopard Road
Paoli, PA 19301
*Attorney for Merrill Lynch, Pierce, Fenner & Smith, Inc.*

11